Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
Fax: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Keith H. Asbell*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Keith H. Asbell, <br><br> Plaintiff, <br><br> v. <br><br> Experian Information Solutions, Inc. and Trans Union LLC, <br><br> Defendants. | Case No. 2:17-cv-03122-JCM-PAL <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Keith H. Asbell ("Plaintiff") and Defendants Experian Information Solutions, Inc. and Trans Union

1  LLC ("Defendants") (collectively as "the Parties"), by and through their counsel of
2  record, as follows:
3     WHEREAS, documents and information have been and may be sought,
4  produced or exhibited by and among the parties to this action relating to trade secrets,
5  confidential research, development, technology or other proprietary information
6  belonging to the defendants and/or personal income, credit and other confidential
7  information of Plaintiff.
8     THEREFORE, an Order of this Court protecting such confidential information
9  shall be and hereby is made by this Court on the following terms:
10 1.  This Order shall govern the use, handling and disclosure of all documents,
11     testimony or information produced or given in this action which are designated
12     to be subject to this Order in accordance with the terms hereof.
13 2.  Any party or non-party producing or filing documents or other materials in this
14     action may designate such materials and the information contained therein
15     subject to this Order by typing or stamping on the front of the document, or on
16     the portion(s) of the document for which confidential treatment is designated,
17     "Confidential."
18 3.  To the extent any motions, briefs, pleadings, deposition transcripts, or other
19     papers to be filed with the Court incorporate documents or information subject
20     to this Order, the party filing such papers shall designate such materials, or
21     portions thereof, as "Confidential," and shall file them with the clerk under seal;
22     provided, however, that a copy of such filing having the confidential
23     information deleted therefrom may be made part of the public record. Any party
24     filing any document under seal must comply with the requirements of Local
25     Rules.
26 4.  All documents, transcripts, or other materials subject to this Order, and all
27     information derived therefrom (including, but not limited to, all testimony,
28     deposition, or otherwise, that refers, reflects or otherwise discusses any

information designated Confidential hereunder), shall not be used, directly or indirectly, by any Party, for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as confidential information.  Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in

1  connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6 (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential,"

1   nor the failure to make such designation, shall constitute evidence with respect
2   to any issue in this action.

3   12. Inadvertent failure to designate any document, transcript, or other materials
4   "Confidential" will not constitute a waiver of an otherwise valid claim of
5   confidentiality pursuant to this Order, so long as a claim of confidentiality is
6   promptly asserted after discovery of the inadvertent failure. If a party
7   designates a document as "Confidential" after it was initially produced, the
8   receiving party, on notification of the designation, must make a reasonable
9   effort to assure that the document is treated in accordance with the provisions
10  of this Order, and upon request from the producing party certify that the
11  designated documents have been maintained as confidential information. The
12  designating party shall have the burden of proving that any document
13  designated as CONFIDENTIAL is entitled to such protection.

14  13. Within sixty (60) days after the final termination of this litigation, all
15  documents, transcripts, or other materials afforded confidential treatment
16  pursuant to this Order, including any extracts, summaries or compilations taken
17  therefrom, but excluding any materials which in the good faith judgment of
18  counsel are work product materials, shall be returned to the Producing Party.
19  In lieu of return, the parties may agree to destroy the documents, to the extent
20  practicable.   The party destroying documents must send a letter certifying
21  destruction to the Producing Party within 14 days of document destruction.

22  14. In the event that any party to this litigation disagrees at any point in these
23  proceedings with any designation made under this Protective Order, the parties
24  shall first try to resolve such dispute in good faith on an informal basis.  If the
25  dispute cannot be resolved, the party objecting to the designation may seek
26  appropriate relief from this Court. During the pendency of any challenge to the
27  designation of a document or information, the designated document or
28

| | | |
|---|---|---|
| 1 | | information shall continue to be treated as "Confidential" subject to the |
| 2 | | provisions of this Protective Order. |
| 3 | 15. | Nothing herein shall affect or restrict the rights of any party with respect to its |
| 4 | | own documents or to the information obtained or developed independently of |
| 5 | | documents, transcripts and materials afforded confidential treatment pursuant |
| 6 | | to this Order. |
| 7 | /// | |
| 8 | /// | |
| 9 | /// | |

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO STIPULATED.

DATED this 26th day of April 2018.

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
*Attorneys for Plaintiff*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Jason Revzin
Jason Revzin, Esq.
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, NV 89118
*Attorneys for Defendant*
*Trans Union LLC*

**NAYLOR & BRASTER ATTORNEYS AT LAW**

By: /s/ Andrew J. Sharples
Jennifer L. Braster, Esq.
Andrew J. Sharples, Esq.
1050 Indigo Dr., Ste. 200
Las Vegas, NV 89145
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2018

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____ _____.

2. My present employer is _____ _____.

3. My present occupation or job description is _____ _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.  I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2018 at _____.

Signature: _____   Firm:

Name: _____   Address:

Position: _____   Phone:

...

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I HEREBY CERTIFY that on April 26, 2018, the foregoing Stipulated |
| 3 | Protective Order was served via CM/ECF to all parties appearing in this case. |

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148